UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ENRIQUE SCOTT,

                Petitioner,          9:05-CV-1359
                                              (LEK)(RFT)

       v.

T.R. CRAIG, Warden, FCI Ray Brook,

                Respondent.

APPEARANCES:

ENRIQUE SCOTT
Petitioner, *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## DECISION AND ORDER

### I. Introduction

Presently before the Court for review is a petition for a writ of habeas corpus brought by Enrique Scott ("Petitioner" or "Scott") pursuant to 28 U.S.C. § 2241, together with an *in forma pauperis* application. Petitioner, who is presently confined at FCI Ray Brook, has not paid the filing fee for this action.

In his petition, Scott alleges that his due process rights were violated as a result of disciplinary proceedings conducted against him on charges of fighting with another inmate.[1] According to Petitioner, the incident underlying the charges occurred in April, 2003, more than one year before he was given notice of the charges. Petition (Dkt. No. 1) at ¶ 7. Petitioner claims that the charges were not timely brought and that the disciplinary

---

[1] The disciplinary proceedings were conducted at FCI Fort Dix, New Jersey, where petitioner was then confined. Petition (Dkt. No. 1) at ¶ 7.

proceeding was conducted in violation of his due process rights. Id. The disciplinary hearing concluded in August, 2004, and Petitioner was sentenced to 180 days restricted confinement and a loss of good time. Id.

## II. Discussion

A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Garcia-Cruz v. United States, 270 F. Supp. 2d 353, 355 (S.D.N.Y. 2003) (internal quotation marks and emphasis omitted; citing and quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)). See also Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). It is well-established, moreover, that a federal prisoner must exhaust administrative remedies prior to seeking habeas corpus relief from a federal court pursuant to 28 U.S.C. § 2241. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 633-35 (2d Cir. 2001); Guida v. Nelson, 603 F.2d 261, 262 (2d Cir. 1979) (*per curiam*); Garcia-Cruz, 270 F. Supp. 2d at 356.

In this case, Petitioner has not demonstrated that he exhausted all of the administrative remedies available to him. In the absence of such a showing, this Court may not properly entertain the petition, and this action must be dismissed.

Should Petitioner claim that his administrative remedies are exhausted, he may file an amended petition **within thirty (30) days** of the filing date of this Order. The amended pleading must clearly list the date(s) on which Petitioner appealed the disciplinary findings

and the date(s) on which that appeal was granted or denied.

Furthermore, should Petitioner contend that cause exists to excuse his failure to exhaust, and that he will be prejudiced by the Court's refusal to review the merits of his claim, see Carmona, 243 F.3d at 633, he shall so state in an amended petition filed **within thirty (30) days** of the filing date of this Order.

Petitioner is advised that if he fails to file an amended petition, this matter will be deemed abandoned and will be dismissed without further order of this Court.

### III. *In forma pauperis* application

Petitioner has not paid the statutory filing fee of $5.00 for this proceeding. See 28 U.S.C. § 1914. A review of Petitioner's *in forma pauperis* ("IFP") application reveals that he had sufficient funds in his inmate account when this action was commenced to pay the filing fee. See IFP Applic. (Dkt. No. 2). Therefore, while Petitioner's IFP application is granted, Petitioner is directed to submit the full filing fee of **$5.00** in order to proceed with this action. See 28 U.S.C. § 1915(b)(1). Petitioner is advised that if he fails to pay the filing fee, his petition will be deemed abandoned and dismissed without further order of this Court.

### IV. Conclusion

WHEREFORE, it is hereby

**ORDERED**, that Petitioner's *in forma pauperis* application is **GRANTED**[2];

---

[2] Petitioner should note that, although the Court hereby grants his *in forma pauperis* application, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

and it is further

**ORDERED**, that Petitioner's request to proceed with this action without payment of the filing fee is **DENIED**. Petitioner is directed to submit the filing fee of **$5.00** to the Clerk **within thirty (30) days** of the filing date of this Order if he wishes to proceed with this action; and it is further

**ORDERED**, that if Petitioner fails to fully comply with the terms of this Order (including, *inter alia*, filing an amended petition with the information requested above concerning exhaustion) **within thirty (30) days** of the filing date of this Order, the petition be deemed abandoned and the Clerk shall enter judgment dismissing this action without further order of this Court; and it is further

**ORDERED**, that upon Petitioner's compliance with this Decision and Order, the Clerk forward the file to the Court for further review; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties to this action by regular mail.

**IT IS SO ORDERED**.

DATED:   January 18, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge